IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELISA MAYFIELD,**

    **Plaintiff,**

  **vs.**　　　　　　　　　　　　　　　　　　　Civil Action 2:13-cv-764
　　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff sought review, pursuant to 42 U.S.C. § 405(g), of the decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. On July 30, 2014, and acting with the consent of the parties under 28 U.S.C. § 636(c), the Court reversed the decision of the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) and remanded the action to the Commissioner for further proceedings. *Opinion and Order*, ECF No. 27; *Clerk's Judgment*, ECF No. 28. The Court thereafter awarded $3,000.00 in attorney fees to plaintiff, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in accordance with the parties' stipulation. *Stipulation*, ECF No. 32; *Order*, ECF No. 33. This matter is now before the Court on plaintiff's *Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1),* ECF No. 34 ("*Plaintiff's Motion*"). The Commissioner has not responded to *Plaintiff's Motion*.

1

By statute, a court must award "a reasonable fee . . . not in excess of 25 per cent of the total past-due benefits." 42 U.S.C. § 406(b). A fee award should reflect the purpose of the social security program (*i.e.*, to provide a measure of economic security to the recipient), the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made. 20 C.F.R. §§ 404.925(b); 416.1525(b). A fee agreement between a recipient and her counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter. *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id*. at 422. In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Plaintiff signed a contingency fee agreement in connection with the case presently before the Court. Exhibit B attached to *Plaintiff's Motion*, PAGEID 1103. Following this Court's remand of the case, the Commissioner issued a fully favorable decision. *Notice of Award*, attached as Exhibit A to *Plaintiff's Motion*. The Commissioner also

2

withheld $14,777.50 from the past-due benefits. *Id.*, at PAGEID# 1099. Plaintiff's counsel represents that she expended 16.1 hours in connection with her representation of plaintiff before the Court. Exhibit C to *Plaintiff's Motion*, PAGEID# 1104-05. She requests a fee in the amount of $5,635.00, that amount reflecting compensation at an hourly rate of $350.00. Plaintiff's counsel also represents that the amount previously awarded by this Court pursuant to the EAJA "will be returned to the claimant to prevent double recovery of fees." *Plaintiff's Motion*, PAGEID# 1090.

Upon consideration of all the appropriate factors, this Court concludes that the requested fee is reasonable. It is far less than 25% of the past-due benefits, plaintiff has signed a contingency fee agreement, the requested fee does not reflect a rate of compensation more than twice the standard rate and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case.

Upon consideration, the Court determines that an award of $5,635.00 is a reasonable fee. The Court therefore **AWARDS** plaintiff's counsel an attorney's fee of $5,635.00, or twenty-five percent (25%) of the past due benefits, whichever is less. In making this award, the Court understands that plaintiff's counsel will return to plaintiff the amount previously awarded by the Court pursuant to the EAJA.

                                           *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
September 9, 2016                United States Magistrate Judge